**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GERALD ROSS PIZZUTO, JR.,
*Petitioner-Appellant*,

v.

AL RAMIREZ, Warden of Idaho
Maximum Security Institute,
*Respondent-Appellee*.

No. 13-35443

D.C. No.
1:92-cv-00241-
BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted
September 17, 2014—San Francisco, California

Filed April 22, 2015

Before:  Raymond C. Fisher, Ronald M. Gould,
and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the district court's denial of an Idaho state prisoner's motion under Fed. R. Civ. P. 60(b) and 60(d) for relief from a judgment denying his habeas corpus petition challenging his conviction and capital sentence for two counts of first-degree murder, two counts of felony murder, and one count of grand theft.

The panel concluded that the prisoner's arguments – (1) that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), gives cause for the state-law procedural default of three of the claims he raised in his initial federal habeas petition, and (2) that the state's lawyers perpetrated a fraud on the federal district court – fall within the scope of permissible Rule 60(b) motions and are not a disguised second or successive habeas corpus petition.

The panel declined to extend *Martinez* to cover claims other than ineffective assistance of trial or appellate counsel to excuse procedural default. The panel held that the prisoner's two claims detailing the alleged biases and errors of a state court judge who presided over the guilt and sentencing phases of his trial are not the type of claims that can be pursued under *Martinez*. The panel held that the prisoner's claim that his trial and appellate attorney had a conflict of interest based on his relationship with the state trial judge is a Sixth Amendment ineffective-assistance-of-

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

counsel claim eligible for consideration under *Martinez*. But the panel held that the conflict-of-interest claim is unsupported by the record and thus does not establish cause to excuse procedural default.

The panel held that the prisoner's contention that the state Attorney General's office perpetrated a fraud on the district court has so little basis in the record as to be wholly unpersuasive. The panel therefore agreed with the district court's denial of the prisoner's motion under Rules 60(b) and 60(d) for relief on that basis.

## COUNSEL

Heather E. Williams, Federal Defender; Joseph Schlesinger and Joan M. Fisher (argued), Assistant Federal Defenders, Office of the Federal Defender for the Eastern District of California, Sacramento, California, for Petitioner-Appellant.

Lawrence G. Wasden, Attorney General of Idaho; L. LaMont Anderson (argued), Deputy Attorney General, Capital Litigation Unit Chief, Boise, Idaho, for Respondent-Appellee.

## OPINION

GOULD, Circuit Judge:

Idaho state prisoner Gerald Ross Pizzuto, Jr., appeals from the denial of his motion under Federal Rules of Civil Procedure 60(b) and 60(d) for relief from the district court's judgment denying his petition for a writ of habeas corpus. Pizzuto, who has been sentenced to death, contends: (1) that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established the kind of extraordinary circumstances needed to justify reopening the judgment under Rule 60(b)(6), and that three of his claims for post-conviction relief relating to judicial bias and his trial counsel's conflict of interest, which were rejected by the Idaho Supreme Court as procedurally barred, are in fact eligible for consideration under *Martinez*; and (2) that he is entitled to relief under Rules 60(b)(6) and 60(d)(3) because the states' attorneys had perpetrated a fraud on the federal district court. We have jurisdiction under 28 U.S.C. § 1291. We conclude that Pizzuto's claims relating to judicial bias do not fall within *Martinez*'s exception, his claim relating to his counsel's conflict of interest does not satisfy our circuit's test for establishing cause to excuse procedural default under *Martinez*, and he has not established a factual basis to show that the state's attorneys perpetrated a fraud on the court during his federal habeas proceedings. We affirm.

## I

In 1986, Pizzuto was convicted of two counts of first-degree murder, two counts of felony murder, one count of robbery (which was later vacated by the Idaho Supreme

Court), and one count of grand theft. The Idaho Supreme Court summarized his offenses:

> Pizzuto approached [Berta Louise Herndon and her nephew, Delbert Dean Herndon] with a .22 caliber rifle as they arrived at their mountain cabin and made them enter the cabin. While inside, he tied the Her[n]dons' wrists behind their backs and bound their legs in order to steal their money. Some time later, he bludgeoned Berta Herndon to death with hammer blows to her head and killed Del Herndon by bludgeoning him in the head with a hammer and shooting him between the eyes. Pizzuto murdered the Her[n]dons just for the sake of killing and subsequently joked and bragged about the killings to his associates.

*Pizzuto v. State*, 202 P.3d 642, 645 (Idaho 2008); *see also Pizzuto v. Blades*, 673 F.3d 1003, 1004 (9th Cir. 2012); *Pizzuto v. Arave*, 280 F.3d 949, 952–53 (9th Cir. 2002), *dissent amended and superseded in part*, 385 F.3d 1247 (9th Cir. 2004).

Pizzuto's state petition for post-conviction relief was denied by the state district court, and the Idaho Supreme Court affirmed. *State v. Pizzuto*, 810 P.2d 680 (Idaho 1991). At trial, Pizzuto was represented by Nick Chenoweth and Scott Wayman, who also represented him during this first state post-conviction relief petition. During the post-conviction proceedings, Chenoweth and Wayman filed a motion to disqualify Judge George Reinhardt, who had presided over Pizzuto's guilt and sentencing phase trials, on the grounds that Judge Reinhardt could not be impartial based

on allegations challenging his conduct during the trial and in relation to two of Pizzuto's co-defendants. Judge Reinhardt denied the motion.

Pizzuto filed his initial federal habeas corpus petition, which the state answered by arguing that many of Pizzuto's claims were not exhausted because they had not been brought in the initial state post-conviction proceeding. Pizzuto then returned to state court to exhaust those claims, but the Idaho courts held that those same claims were procedurally barred because they could have been brought in the first post-conviction proceeding. *Pizzuto v. State*, 903 P.2d 58 (Idaho 1995). When Pizzuto returned to federal court, the district court held that Pizzuto had not shown sufficient cause to excuse the procedural default of his ineffective assistance of counsel and judicial bias claims. We affirmed those rulings. *Arave*, 280 F.3d at 975–76.

After the United States Supreme Court's decision in *Martinez v. Ryan*, Pizzuto filed a Rule 60 motion, the denial of which is now before us. Seeking relief from the denial of his first habeas corpus petition, he argued first that *Martinez* established the kind of extraordinary circumstances needed to justify reopening the judgment under Rule 60(b)(6), and that three of the claims rejected by the Idaho Supreme Court as procedurally barred are eligible for consideration under *Martinez*. Pizzuto also argued that he is entitled to relief under Rules 60(b)(6) and 60(d)(3) because the state's attorneys had perpetrated a fraud on the federal district court. The claims that Pizzuto attempts to reopen are the thirteenth, fourteenth, and twentieth grounds for issuance of the writ in Pizzuto's initial habeas corpus petition. The thirteenth ground ("Claim 13") is that Judge Reinhardt had been biased at the guilt and sentencing phases of trial, as shown by

questioning witnesses inappropriately and making off-the-record comments to Pizzuto's family that Pizzuto was a murderer who was going to be "burn[ed]."  The fourteenth ground ("Claim 14") also relates to judicial bias, claiming that Judge Reinhardt had contact with the jurors outside the presence of Pizzuto or his counsel.  And the twentieth ground ("Claim 20") is that Pizzuto was denied his right to effective assistance of counsel because Chenoweth, his attorney at trial, on appeal, and on his initial state post-conviction review, had a close relationship with Judge Reinhardt, which created a conflict of interest.  That relationship, which Chenoweth did not disclose to Pizzuto, included having formerly employed Judge Reinhardt and having gone on vacation together.

The district court denied Pizzuto's motion, holding that Claims 13 and 14 were not ineffective assistance of counsel claims, and therefore were outside the scope of *Martinez*.  It held that Claim 20 could be considered under the *Martinez* framework but that it was not "substantial" and thus failed.  Finally, the district court held that Pizzuto had not established a factual basis for his fraud on the court claim.  It granted a certificate of appealability on all issues, and this appeal followed.[1]

---

[1] We previously vacated the district court's denial of Pizzuto's successive petition for a writ of habeas corpus, and remanded for the district court to consider that petition in light of the Supreme Court's decision in *Hall v. Florida*, 134 S. Ct. 1986 (2014). *See Pizzuto v. Blades*, 758 F.3d 1178 (9th Cir. 2014) (withdrawing our earlier published opinion in *Pizzuto v. Blades*, 729 F.3d 1211 (9th Cir. 2013), which had affirmed the district court).  The disposition of that petition is pending.

## II

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012). "A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was illogical, implausible or without support in inferences that may be drawn from the facts in the record." *Id.* (citing *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc)).

We may affirm the district court on any basis supported by the record, whether or not relied on by the district court. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).

## III

A. Pizzuto's Claims Are Not Entitled to Relief Under *Martinez*

Pizzuto's first argument is that *Martinez v. Ryan* gives cause for the state-law procedural default of three of the claims that he raised in his initial habeas corpus petition. The state urges that this argument be rejected as an improper second or successive habeas corpus petition under the guise of a Rule 60(b) motion. We conclude that the claims were properly brought under Rule 60(b), and then consider the claims within the *Martinez* framework. On the merits, we affirm the district court's rejection of Pizzuto's argument because Claims 13 and 14 are not ineffective assistance of counsel claims—the only substantive area that *Martinez*

covers—and Claim 20 does not satisfy *Martinez*'s requirements.

### 1. *Pizzuto's Rule 60(b) Motion Is Not a Disguised Second or Successive Habeas Petition*

Rule 60(b) permits a party to seek relief from a final judgment under limited circumstances. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 503 (2013). Rule 60(b)(6), the primary provision under which Pizzuto seeks relief, requires a showing of extraordinary circumstances that justify reopening a judgment. *Id.*

*Jones* considered at length when a Rule 60(b) motion filed by a habeas corpus petitioner should be dismissed as an improper disguised second or successive habeas petition. While there is no bright-line rule for distinguishing the two, "a legitimate Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings,' while a second or successive habeas corpus petition 'is a filing that contains one or more claims.'" *Id.* at 834 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005)). Motions that allege fraud on the federal habeas corpus court, or allege a prior ruling which prevented a merits determination—such as a ruling that certain claims were procedurally defaulted—was in error are properly brought under Rule 60(b). *Id.*

Applying that legal framework to Pizzuto's claims here, we conclude that all three of Pizzuto's claims are properly made under Rule 60(b). Pizzuto's motion argued that Claims 13, 14, and 20 of his initial federal habeas corpus petition had been improperly held procedurally defaulted. And his other argument is that the state's lawyers perpetrated a fraud on the

federal district court. These arguments fall within the permissible scope of Rule 60(b) motions. *Gonzalez*, 545 U.S. at 538 ("A motion that . . . challenges only the District Court's failure to reach the merits does not warrant [treatment as a successive habeas corpus petition], and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)."); *cf. Jones*, 733 F.3d at 835–37 (rejecting an attempt to use a Rule 60(b) motion and *Martinez* to raise ineffective assistance of counsel claims that had never before been presented to the state or federal court).

The state argues that, although challenges to prior procedural defaults are generally within the ambit of Rule 60(b) motions, *see Gonzalez*, 545 U.S. at 532 n.4, Pizzuto's attempt to define his claims as ineffective assistance of counsel claims with an aim to fit them within the scope of *Martinez v. Ryan* transforms them into new claims that require a second or successive habeas petition, *see id.* at 531. As discussed more fully below, we reject Pizzuto's effort to transform Claims 13 and 14 into ineffective assistance of counsel claims, and thus decline to extend the rule announced in *Martinez* to cover them. Were we persuaded by Pizzuto's efforts, the state would be correct that Rule 60(b) could not be used as an end-run around the bar on successive habeas corpus petitions. As for Claim 20, we conclude that it has been an ineffective assistance of counsel claim under *Martinez* from the beginning, but that it does not satisfy the test we have articulated for relief under *Martinez*.

*2.* Martinez *Is Limited to Claims of Ineffective Assistance of Counsel*

Pizzuto argues that Claims 13 and 14, relating to judicial bias, independently support the application of *Martinez*. We disagree and hold that such an interpretation of *Martinez*'s scope is foreclosed by our precedent.

The Supreme Court has held that state post-conviction review counsel's ineffective assistance cannot serve as cause to excuse the procedural default of claims. *Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991). *Martinez* established a "narrow exception" to *Coleman*'s procedural default principle: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918–20 (2013), slightly expanded the application of *Martinez* to include cases from states where petitioners are permitted to raise claims of ineffective assistance on direct appeal, but are practically barred from doing so by local court rules.

But we have not allowed petitioners to substantially expand the scope of *Martinez* beyond the circumstances present in *Martinez* or *Trevino*. In *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013), we denied a petitioner's claim that *Martinez* permitted the resuscitation of a procedurally defaulted *Brady* claim, holding that only the Supreme Court could expand the application of *Martinez* to other areas.

The one exception to that rule is *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), where we held that

*Martinez* covered claims of ineffective assistance of appellate counsel, not just ineffective assistance of counsel at trial. However, even in adopting this expansion, we noted that further substantive expansion would not be forthcoming, stating: "[t]he *Martinez* rule is limited to an underlying Sixth Amendment ineffective-assistance claim." *Id.*

We follow *Hunton* and *Nguyen* and decline to extend *Martinez* to cover claims other than ineffective assistance of trial or appellate counsel.

> 3. *Claims 13 and 14 Are Not Eligible for Consideration Under* Martinez*; Claim 20 Is a Potential* Martinez *Claim, But It Does Not Establish Cause and Prejudice to Excuse Procedural Default*

Pizzuto argues that Claim 20, which argued for habeas relief on the grounds that his trial and appellate attorney, Nick Chenoweth, had a conflict of interest based on his relationship with the trial judge, Judge Reinhardt, is an ineffective assistance of counsel claim under *Martinez*. He further argues that Claims 13 and 14, which detail the alleged biases and errors of Judge Reinhardt, should be considered evidence of prejudice accountable to Chenoweth's conflict of interest. Pizzuto's argument is that Chenoweth failed to object to these purported biases at trial in order to maintain Chenoweth's relationship with Reinhardt.

Our analysis above confirms that Claims 13 and 14 are not the type of claims that can be pursued under *Martinez*. Permitting claims of trial error to be considered ineffective assistance of counsel claims because an effective attorney would have prevented or remedied that purported error would

expand *Martinez* to include all potential errors, and make the limitations we stated in *Hunton* and *Nguyen* nonsensical.

Nor can we fairly construe Claims 13 and 14 as ineffective assistance of counsel claims. Nowhere in their text does that allegation occur, and they do not allege any specific failures by trial or appellate counsel. Moreover, because there is no hint of an ineffective assistance of counsel argument in the text of the claims, if we accepted Pizzuto's arguments relating to Claims 13 and 14, we would essentially be treating them as new claims, which *Jones v. Ryan* made clear are barred by the rule against successive habeas corpus petitions. *See* 733 F.3d at 834–35. We conclude that Claims 13 and 14 are not eligible for consideration under *Martinez*'s exception to the procedural default rule, and the district court's decision is affirmed as to those claims.

As for Claim 20, assuming without deciding that if the claim satisfied *Martinez*'s requirements, it would constitute an extraordinary circumstance sufficient to justify relief under Rule 60(b)(6),[2] we hold that Pizzuto's claim does not establish cause to excuse procedural default under *Martinez*.

The state argues that because conflict of interest cases are governed by a different standard than most ineffective assistance cases, Claim 20 cannot be considered under *Martinez* without impermissibly expanding its scope.

---

[2] *Jones v. Ryan* gives us some reason to doubt that it does. *See* 733 F.3d at 839–40 (applying the factors identified in *Phelps v. Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009), to determine whether extraordinary circumstances exist, and holding that the change in the law signified by *Martinez* is not an extraordinary circumstance in a death penalty case with some similarities to Pizzuto's).

Specifically, the state notes the differences between the legal standard governing typical ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984), and the standard set out by the two leading conflict of interest cases from the Supreme Court, *Cuyler v. Sullivan*, 446 U.S. 335 (1980), and *Mickens v. Taylor*, 535 U.S. 162 (2002). But *Martinez* does not refer to "*Strickland*" claims; it refers to claims of "ineffective assistance of counsel." 132 S. Ct. at 1315. We have interpreted that phrase to include all Sixth Amendment ineffectiveness of counsel claims. *See Nguyen*, 763 F.3d at 1296. And although they are governed by a different legal standard, conflict of interest claims go to the same legal injury as standard ineffective assistance claims. In *Alberni v. McDaniel*, we said that the "Sixth Amendment right to counsel includes a correlative right to representation free from conflicts of interest." 458 F.3d 860, 869 (9th Cir. 2006) (internal quotation marks omitted). We therefore conclude that conflict of interest claims are eligible for consideration under *Martinez*.

But we affirm the district court's denial of Pizzuto's claim. In *Mickens*, 535 U.S. at 174–75, the Supreme Court held that potential relationships between counsel and a trial judge are among the types of conflicts that require a showing of an actual conflict that adversely impacted counsel's performance. This standard means that a petitioner must show more than "a mere theoretical division of loyalties," but must prove "'that a conflict of interest *actually affected the adequacy of his representation*.'" *Id.* at 171 (quoting *Cuyler*, 446 U.S. at 349).

We have also described the analysis that applies once a claim has been determined to be eligible for consideration under *Martinez*. *See Clabourne v. Ryan*, 745 F.3d 362,

376–78 (9th Cir. 2014) (summarizing the holdings of the fragmented opinions in *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc)).  *Clabourne* explained:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* and *Detrich* require that Clabourne make two showings.  First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland*. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different.  *See Strickland*, 466 U.S. at 687, 694, 104 S. Ct. 2052.  Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  *Martinez*, 132 S. Ct. at 1318.

*Id.* at 377.

The district court in this case did not have the benefit of *Detrich* or *Clabourne* when it decided Pizzuto's Rule 60(b) motion.  But we need not vacate and remand because it is clear from the record that Pizzuto is not entitled to relief.  *Cf. Clabourne*, 745 F.3d at 376.  Pizzuto has not satisfied the "cause" prong of the analysis, which relates to the ineffective

assistance of his initial post-conviction review counsel, Nick
Chenoweth.  Indeed, analyzing Pizzuto's procedural default
under the pre-*Martinez* standard of cause and prejudice, we
held that his conflict of interest claim lacked merit:

> Pizzuto does not show how [Chenoweth's
> personal relationship with Judge Reinhardt]
> amounts to an actual conflict of interest such
> that counsel would not have challenged Judge
> Reinhardt's behavior. *See Cuyler v. Sullivan*,
> 446 U.S. 335, 345–50 (1980); *see also
> Barnhill v. Flannigan*, 42 F.3d 1074, 1077–78
> (7th Cir. 1994) (noting the general rule that an
> attorney's actual conflict can be sufficient
> cause to excuse a procedural default, but
> holding no actual conflict shown by allegation
> that public defender on appeal refrained from
> raising ineffectiveness of trial counsel who
> was also a public defender).  In fact,
> [Chenoweth] moved for a new trial and to
> disqualify Judge Reinhardt from participating
> in further proceedings based on a charge of
> judicial misconduct, and challenged Judge
> Reinhardt's lack of partiality during the
> sentencing phase in Pizzuto's amended first
> petition for post-conviction relief.  If
> [Chenoweth] had truly been conflicted, [he]
> would not have taken either step.  As we
> cannot presume that a conflict exists where
> none is demonstrated, *see Cuyler*, 446 U.S. at
> 347–48, Pizzuto has failed to establish cause.

*Arave*, 280 F.3d at 975–76.  Even if *Martinez*'s "some merit"
standard is a lower bar than the standard we applied earlier,

Pizzuto must show ineffective assistance at the post-conviction review stage. The alleged conflict constituting ineffective assistance of initial post-conviction review counsel—Chenoweth's personal relationship with Judge Reinhardt—is identical to the conflict underlying his ineffective assistance of trial counsel claim. Our skepticism in *Arave* that Pizzuto had demonstrated an actual conflict at the trial level was rooted in large part in the fact that Chenoweth sought to disqualify Judge Reinhardt for bias *at the post-conviction review stage*. *See Arave*, 280 F.3d at 976.

It does not matter whether we apply the *Strickland* standard to this inquiry, as *Clabourne* holds, or, in light of our conclusion that conflict of interest claims are eligible for review under *Martinez*, we use the *Cuyler* standard. The result is the same. Under the standard in *Strickland*, Pizzuto has offered nothing beyond speculation that actual conflict rendered Chenoweth's performance at post-conviction review deficient or that he was prejudiced at the post-conviction review stage by this deficiency, and the record of those proceedings indicates that his counsel's performance was not deficient. Similarly, applying the standard in *Cuyler*, where no separate showing of prejudice is needed but where "a conflict of interest [must] actually [have] affected the adequacy of [counsel's] representation," *Cuyler*, 446 U.S. at 349, Pizzuto has not shown that Chenoweth's relationship with Judge Reinhardt affected the adequacy of his representation at the post-conviction stage any more than he had demonstrated a conflict at the trial stage. We hold that Pizzuto has not established cause sufficient to excuse procedural default under *Martinez*.

Because Pizzuto's claim that his counsel had a conflict of interest based on counsel's relationship with the trial judge is

unsupported by the record, we affirm the district court's denial of Pizzuto's motion under Rule 60(b).

## B. Pizzuto Has Not Shown that the Government Perpetrated a Fraud on the District Court

Pizzuto's second claim is that the denial of his habeas corpus petition should be set aside because the Idaho Attorney General's office has perpetrated a fraud on the district court. We disagree.

Federal Rule of Civil Procedure 60(d)(3) permits courts to set aside judgments for fraud on the court, and we have held that Rule 60(b)(6)'s "extraordinary circumstances" doctrine encompasses the same acts. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006). We have held that a party bears a high burden in seeking to prove fraud on the court, which must "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988) (quoting *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971)).

As an equitable rule, there is no specific set of facts that a petitioner must show. But in *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011), we held that fraud on the court must be established by clear and convincing evidence, *id.* at 443, and outlined some of the relevant considerations for distinguishing "fraud on the court" from other forms of fraud, *id.* at 444. Specifically, we do not inquire about prejudice to the party seeking to prove fraud, but rather consider whether the integrity of the judicial process was itself harmed, such that the court cannot perform its regular task of fairly adjudicating disputes. *Id.* Examples

typically involve "a scheme by one party to hide a key fact from the court and the opposing party." *Id.*

Pizzuto's claim of fraud on the court rests on two sets of factual claims. The first set is a series of allegations of improprieties during his trial. The allegations include: (1) a secret plea agreement for Pizzuto's co-defendant James Rice, allegedly orchestrated by Pizzuto's trial judge, Judge Reinhardt; (2) allegedly perjured testimony from Rice elicited by the prosecutors and allowed by Judge Reinhardt denying the existence of such a plea; and (3) Judge Reinhardt's alleged participation in the collection or fabrication of evidence against Pizzuto. The second set of claims, which is necessary to transform these wrongdoings into a fraud on the federal habeas corpus court rather than the state trial court, includes the contention that the Idaho Attorney General's office knew of and concealed these facts while defending Pizzuto's habeas corpus petition before the federal district court, the denial of which underlies the Rule 60 motion before us.

Even if we assume that the first set of allegations are accurate and substantial, we affirm the district court's denial of Pizzuto's motion because Pizzuto has not shown how the actions of the state in defending against Pizzuto's federal habeas appeals constitute a fraud on the court. Indeed, that contention has so little basis in the record as to be wholly unpersuasive.

The burden of proof rests with petitioner to show the fraud by clear and convincing evidence, and it must consist of more than garden-variety nondisclosure. *Stonehill*, 660 F.3d at 443, 445. Pizzuto has no specific evidence of any knowledge on the part of the lawyers representing the state

before the federal courts of the various alleged trial improprieties that Pizzuto says took place, and he relies instead on a series of allegations and implications. It takes more than "say so" to transform routine advocacy by the state's lawyers of its position into a fraud on the court.

Even if the allegations of improper behavior at the trial level were assumed to be truthful, Pizzuto has not offered evidence that the state's failure to disclose those events constitutes the kind of "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Toscano*, 441 F.2d at 934.

Pizzuto argues that the state's failure to investigate and turn over potentially exculpatory information during the federal habeas corpus proceedings is the kind of fundamental error that undermines the entirety of the proceeding. But the Supreme Court has held that the state's constitutional obligation to disclose exculpatory evidence to criminal defendants does not apply on collateral review. *Dist. Att'y's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009).

Pizzuto has not shown by clear and convincing evidence that a fraud was perpetrated on the federal district court. We agree with the district court's denial of Pizzuto's motion under Rules 60(b) and 60(d) for relief based on fraud on the court.

**AFFIRMED.**