PS2-174                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1553
_____

DAVID HATCHIGIAN,
Appellant

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL 98 HEALTH & WELFARE FUND;
BOARD OF TRUSTEES OF LOCAL UNION NO. 98 HEALTH & WELFARE FUND
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-05177)
District Judge:  Honorable Ronald L. Buckwalter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2015
Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, David Hatchigian, appeals from an order of the District Court denying his motion pursuant to Rule 60(d)(3). For the following reasons, we will affirm.

I.

Hatchigian is a member of the International Brotherhood of Electrical Workers ("IBEW"), Local Union No. 98, and is a participant in the union's Health and Welfare Fund (the "Welfare Fund"), a trust fund established to provide health care benefits for the members of Local 98. In August 2007, Hatchigian received notice that his health care benefits were being terminated because he had not met the minimum work requirements during the previous quarter. Hatchigian appealed the benefits determination to the Trustees of the Welfare Fund, contending that he was eligible for coverage under a provision of the plan that provides continuing coverage to employees who cannot find work opportunities due to economic conditions. The Trustees denied this appeal, as well as a second. Hatchigian was eligible for benefits during the subsequent two quarters, from November 2007 through April 2008, but failed to meet the minimum work requirement again in January 2008. Hatchigian did not receive coverage for the next eight quarters prior to his retirement. Following his retirement, Hatchigian was restored to long-term coverage.

On August 15, 2011, Hatchigian, through counsel, brought suit in the United States District Court for the Eastern District of Pennsylvania against the Trustees and the union, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Labor Management Relations Act of 1947

2

("LMRA"), 29 U.S.C. § 141 et seq. Hatchigian sought medical coverage for the quarters between August 1, 2007, and June 1, 2010, as well as damages.

By order entered January 15, 2013, the District Court awarded summary judgment to the defendants on both counts of the complaint. With respect to Hatchigian's ERISA claim, the District Court concluded that there was not a triable issue of fact concerning whether the Trustees had acted in an arbitrary and capricious manner in failing to extend supplemental coverage to unemployed union members for the August 2007 benefits quarter. We affirmed, Hatchigian v. IBEW Local 98, Health & Welfare Fund, 532 F. App'x 181 (3d Cir. 2013), and the Supreme Court denied certiorari, 134 S. Ct. 1283 (2014), as well as reconsideration of its order denying certiorari, 134 S. Ct. 2332.

Approximately two years after the District Court entered judgment against him, Hatchigian filed a pro se motion pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, seeking to set aside the judgment for alleged "fraud on the court." Hatchigian claimed that the District Court's decision was based in part on an alleged letter from the Fund Administrator dated November 16, 2007, informing him that he was eligible for coverage for the quarter beginning in November 2007. Hatchigian claimed that he was never informed of his benefits eligibility for this quarter, and that the defendants generated this letter for the sole purpose of deceiving the District Court.

The District Court denied the motion. The court recognized Hatchigian's contention that he never received the November 16, 2007 letter, but found that there "is simply no sensible explanation" for why the defendants would fabricate the letter to

3

intentionally deceive the court.  The District Court further found that Hatchigian's

motion, filed more than two and one-half years after he allegedly learned of the letter,

was untimely.  Hatchigian now appeals from the District Court's order.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  Under Rule 60(d)(3), a district

court can "set aside a judgment for fraud on the court."  See Fed. R. Civ. P. 60(d)(3).

The party seeking relief under Rule 60(d)(3) must establish fraud "by clear and

convincing evidence."  Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987).  Fraud on

the court "must involve an unconscionable plan or scheme which is designed to

improperly influence the court in its decision."  Pizzuto v. Ramirez, 783 F.3d 1171, 1180

(9th Cir. 2015) (internal quotation marks and citation omitted).

Upon review, we conclude that the District Court acted within its discretion in

denying Hatchigian's Rule 60(d)(3) motion, as he failed to demonstrate by clear and

convincing evidence that the November 16, 2007 letter was fabricated.  Even assuming

that Hatchigian did not receive the letter, this fact alone does not constitute fraud.

Furthermore, as the District Court noted, Hatchigian became aware of the letter more

than two years before initiating the present motion, and failed to bring it to the Court's

attention in his opposition to summary judgment, a motion for reconsideration, or on

appeal to this Court.  Under these circumstances, we perceive no abuse of discretion in

the District Court's order.

Accordingly, we will affirm.

4