**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1145-KiGD |
| DANNY WAYNE PRYOR, ) | Bk. No.   2:09-bk-23842-BR |
| Debtor. ) | Adv. No.  2:09-ap-02322-BR |
| _____ ) | |
| DANNY WAYNE PRYOR, ) | |
| Appellant, ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ITEC FINANCIAL, INC., ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on January 21, 2016,
at Pasadena, California

Filed - January 29, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:   Appellant Danny Wayne Pryor argued pro se; David Brian Lally argued for appellee ITEC Financial, Inc.

Before:   KIRSCHER, GAN[2] and DUNN, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2] Hon. Scott H. Gan, Bankruptcy Judge for the District of Arizona, sitting by designation.

Chapter 7[3] debtor Danny Wayne Pryor appeals an order denying his motion for relief from judgment under Civil Rule 60(d)(3) for "fraud on the court." In a prior proceeding, the bankruptcy court: entered a default judgment; excepted from discharge under § 523(a)(2)(A) the debt of appellee, ITEC Financial, Inc. ("ITEC"); and denied Pryor's discharge under § 727(a)(2), (3), (4) and (5) ("Judgment"). On appeal, the Panel affirmed the bankruptcy court's § 523(a)(2)(A) ruling but vacated the § 727 rulings for lack of evidence and remanded for entry of an amended judgment. Pryor appealed the Panel's decision to the Ninth Circuit Court of Appeals, which affirmed.

Several months after the Ninth Circuit's affirmance of the Panel's decision, Pryor filed a motion seeking relief from the Judgment under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3). The bankruptcy court denied the motion as untimely and declared Pryor a vexatious litigant. The Panel affirmed the bankruptcy court's ruling as to Pryor's claims for relief under Civil Rule 60(b)(1), (2), (3) and (6), but vacated and remanded its ruling as to Pryor's claim under Civil Rule 60(d)(3). Upon remand, the bankruptcy court denied Pryor's motion for relief under Civil Rule 60(d)(3), determining that he failed to present sufficient evidence to support his claim for fraud on the court. He now appeals that ruling. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Panel's Memorandum Decisions issued on August 12, 2011,

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

in Case No. 10-1258 and on April 6, 2015, in Case No. 14-1365 contain a more thorough background of this appeal.

ITEC is engaged in the business of real estate investments, construction and loan funding in Los Angeles. Pryor is a general contractor and real estate developer. In 2006 and 2007, ITEC and Pryor engaged in three real estate development projects owned by Pryor. ITEC provided Pryor, either directly or through one of his entities, various loans for the projects.

## A. The underlying bankruptcy case and Pryor's appeal of the Judgment

Pryor filed his first bankruptcy case under chapter 11 in 2008. The bankruptcy court dismissed it for cause under § 1112(b) and imposed a one-year bar from filing another case. Pryor filed a chapter 7 bankruptcy case before the one-year bar had expired, which the court promptly dismissed.

Pryor filed another chapter 7 case in June 2009, initiating the bankruptcy case involved in the two prior appeals before the Panel and this appeal. ITEC filed its complaint seeking relief under §§ 523 and 727; Pryor filed his answer pro se. As a sanction for Pryor's failure to appear at a status conference or comply with ITEC's discovery requests, the bankruptcy court struck his answer and entered a default. Pryor moved for reconsideration of the order striking his answer; the bankruptcy court denied it. Pryor did not appeal that order.

ITEC then moved for a default judgment, which Pryor untimely opposed on the day of ITEC's prove-up hearing. ITEC offered a declaration from its president, Nina Patel, and extensive exhibits. Pryor's untimely response failed to address any of the

-3-

representations contained in Patel's declaration.  However, Pryor did offer extensive oral argument.

The bankruptcy court entered the Judgment on July 30, 2010. Pryor timely appealed.  We affirmed the § 523(a)(2)(A) claim, vacated the § 727 claims and remanded the Judgment to the bankruptcy court to enter an amended judgment.  (Case No. 10-1258).  Pryor timely appealed the § 523(a)(2)(A) determination to the Ninth Circuit.  The Ninth Circuit affirmed the Panel's ruling excepting ITEC's Judgment from Pryor's discharge under § 523(a)(2)(A).  During the pendency of the appeals, the bankruptcy court ordered the estate's claims, if any, against ITEC abandoned to Pryor.

**B.    Pryor's appeal of the motion to set aside the Judgment**

Nearly four years after entry of the Judgment, Pryor moved the bankruptcy court to set aside the Judgment under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3) on April 23, 2014 ("Motion to Set Aside Judgment").  Although mostly incomprehensible, the gist of Pryor's motion alleged that ITEC committed "extrinsic fraud" by failing to disclose to the bankruptcy court that it had no license to issue the subject loans and that such loans contained usurious interest charges and unenforceable provisions. Pryor contended that new evidence uncovered in the parties' state court trial revealed ITEC's unlicensed status and its inability to conduct any actions requiring a license under California law, as set forth in Exhibit H in his Request for Judicial Notice. Exhibit H consisted of Pryor's motion for a new trial filed in his state court action against ITEC, which referenced the alleged new document obtained from the Department of Real Estate regarding

-4-

Patel's licensing history. Pryor argued that the bankruptcy court entered the $11 million Judgment without knowing of the alleged fraud and thereby allowed ITEC to recover on allegedly illegal and usurious loans. Thus, given the alleged voidness and unenforceability of ITEC's loans, Pryor argued the Judgment had to be set aside.

ITEC opposed the Motion to Set Aside Judgment, contending it lacked merit and constituted a bad faith filing and Pryor's fourth attempt to defend against the allegations of the dischargeability complaint. ITEC argued that the alleged "extrinsic fraud" involved old and stale issues Pryor had raised before the state trial and appellate courts, which determined that Pryor's allegations lacked merit. ITEC further argued the motion was untimely and failed to cite any authority for vacating a judgment after two appeals. ITEC requested that Pryor be declared a vexatious litigant.

In reply, Pryor contended he timely filed the Motion to Set Aside Judgment because the one-year filing rule under Civil Rule 60(c) did not start to run until the Ninth Circuit entered its ruling on the Judgment on October 23, 2013. Pryor did not oppose ITEC's vexatious litigant request. In support of his reply, Pryor included a copy of the document he contended showed that ITEC lacked the license required to provide the subject loans.

The bankruptcy court entered an order on July 7, 2014, denying the Motion to Set Aside Judgment on the basis that Pryor's claims were untimely and declaring Pryor a vexatious litigant. Pryor appealed to the BAP.

On April 6, 2015, the Panel entered its Memorandum Decision affirming the bankruptcy court's ruling as to Pryor's claims for relief under Civil Rule 60(b)(1), (2), (3) and (6), but vacating and remanding the court's ruling respecting Pryor's claim for "fraud on the court" under Civil Rule 60(d)(3). (Case No. 14-1365). The Panel determined that the Civil Rule 60(b)(1), (2) and (3) claims were untimely, having been filed nearly four years after entry of the Judgment. Contrary to Pryor's argument, the one-year limitation period for filing a motion under Civil Rule 60(b)(1), (2) and (3) is not tolled during the pendency of an appeal of the underlying judgment. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).[4]

However, because motions to set aside a judgment for "fraud on the court" under Civil Rule 60(d)(3) are not subject to time limits, Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981), the Panel vacated and remanded the bankruptcy court's order respecting that claim to determine whether Pryor was entitled to any relief under Civil Rule 60(d)(3).

**C.    Pryor's appeal of the bankruptcy court's order upon remand**

On April 23, 2015, the bankruptcy court entered further findings and a judgment determining that Pryor was not entitled to relief under Civil Rule 60(d)(3). Pryor timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334

---

[4] The Panel also affirmed the bankruptcy court's ruling under Civil Rule 60(b)(6) on the basis that Pryor waived the issue for failing to present any specific argument for how the bankruptcy court erred as to that claim or, alternatively, that it lacked merit. (Case No. 14-1365). Because Pryor did not contest the vexatious litigant ruling, the Panel affirmed that ruling as well.

and 157(b)(2)(I) & (J).  We have jurisdiction under 28 U.S.C. § 158(b).

# III. ISSUE

Did the bankruptcy court abuse its discretion in denying the Motion to Set Aside Judgment under Civil Rule 60(d)(3) on remand?

# IV. STANDARD OF REVIEW

We review denials of motions for relief under Civil Rule 60 for an abuse of discretion.  See United States v. Stonehill, 660 F.3d 415, 443 (9th Cir. 2011).  Accordingly, we reverse where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible or without support in inferences that may be drawn from the record. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010)(citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc)).

# V. DISCUSSION

As with his last appeal, Pryor's brief is largely incomprehensible and attempts to argue the underlying merits of the Judgment and matters already decided against him by the state court.  Those matters are not properly before us.[5]  In fact, Pryor's brief is essentially identical to the one he filed in his

---

[5] An appeal from an order denying a Civil Rule 60 motion raises only the merits of the order denying the motion and does not raise the merits of the underlying judgment, unless it is filed within the time period required by Rule 8002(b)(1)(D), which is 14 days after entry of the judgment.  See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995)(applying former 10-day rule). Because the Motion to Set Aside Judgment was not filed within 14 days after entry of the Judgment, we do not consider any arguments Pryor has raised as to the propriety of the Judgment. In any event, those arguments have already been considered and ruled upon by this Panel and the Ninth Circuit and are final.

last appeal.  Thus, his arguments make little sense, particularly those regarding his Civil Rule 60(b) claims.  Those claims were decided against him by this Panel and not appealed.  As such, we do not consider any of the arguments Pryor raises as to his claims for relief under Civil Rule 60(b).  The only issue relevant to this appeal is whether the bankruptcy court abused its discretion in denying Pryor relief under Civil Rule 60(d)(3).

**A.   Governing law for relief from judgment under Civil Rule 60(d)(3)**

Civil Rule 60(d)(3), incorporated by Rule 9024, allows a court to "set aside a judgment for fraud on the court."  A plaintiff must establish fraud on the court by clear and convincing evidence.  Pizzuto v. Ramirez, 783 F.3d 1171, 1181 (9th Cir. 2015)(citing Stonehill, 660 F.3d at 443, 445).

Not all "fraud 'connected with the presentation of a case to a court' is . . . necessarily a fraud on the court."  Stonehill, 660 F.3d at 444 (quoting C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2870 (2d ed. 1987)).  Rather, fraud on the court "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1104 (9th Cir. 2006)(applying Civil Rule 60(b)).  The relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process.  Stonehill, 660 F.3d at 444.  Fraud on the court involves far more than an injury to a single litigant.  Id.

-8-

The type of fraud asserted here must involve egregious conduct, such as an unconscionable plan or scheme designed to improperly influence the court in its decision. Latshaw, 452 F.3d at 1104 (citing Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988); Toscano v. Comm'r, 441 F.2d 930, 934 (9th Cir. 1971)). "Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" Stonehill, 660 F.3d at 444 (quoting Levander v. Prober (In re Levander), 180 F.3d 1114, 1119 (9th Cir. 1999)). See Pizzuto, 783 F.3d at 1181 (evidence of fraud on the court must consist of more than the "garden-variety" nondisclosure). Perjury or nondisclosure of evidence, however, may constitute fraud on the court if "that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself." Stonehill, 660 F.3d at 445. "Fraud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.'" Latshaw, 452 F.3d at 1104 (quoting Toscano, 441 F.2d at 934).

**B.    The bankruptcy court did not abuse its discretion in denying the Motion to Set Aside Judgment under Civil Rule 60(d)(3).**

The bankruptcy court reviewed the Motion to Set Aside Judgment, Pryor's accompanying declaration, his RJN, ITEC's opposition and RJN, the court's notes from the prior hearing and that hearing's transcript. It concluded that Pryor had not presented sufficient evidence to support his claim for "fraud on the court" under Civil Rule 60(d)(3).

Pryor fails to present any cogent argument for how the bankruptcy court abused its discretion in denying him relief under

Civil Rule 60(d)(3). He argued in his Motion to Set Aside Judgment that ITEC committed "extrinsic fraud" by failing to disclose it was not licensed to issue the subject loans and that such loans contained usurious interest charges and unenforceable provisions. "'Extrinsic fraud is conduct which prevents a party from presenting his claim in court.'" Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004)(quoting Wood, 644 F.2d at 801). See also Abatti, 859 F.2d at 118 ("fraud on the court may occur when the acts of a party prevent his adversary from fully and fairly presenting his case or defense"). Pryor did not allege that ITEC prevented him from presenting his defense to its § 523(a)(2)(A) claim. It appears from the record that his lack of diligence was to blame. Even so, the bankruptcy court considered his extensive oral argument at ITEC's prove-up hearing before entering the Judgment.

In any event, the only discernable complaint Pryor has is that ITEC failed to disclose to the bankruptcy court the illegal nature of the loans and that Patel had committed perjury by claiming she was a licensed broker. According to Pryor's declaration in support of his Motion to Set Aside Judgment, ITEC's counsel "had no knowledge of the initial fraud perpetrated against the Court."

On this record, Pryor has not shown by clear and convincing evidence how ITEC's alleged nondisclosure and Patel's alleged perjury were "so fundamental that it undermined the workings of the adversary process itself." Stonehill, 660 F.3d at 445. This is particularly true since ITEC's counsel was not involved in the alleged fraud. Id. at 444 (perjury should not usually constitute

-10-

fraud on the court unless an attorney or other officer of the court was a party to it). We further note Pryor conceded to the Panel at oral argument that these same acts by ITEC and Patel he claims constituted fraud on the court were considered and rejected by the California state court and court of appeals as lacking merit.

## VI. CONCLUSION

Because the bankruptcy court did not abuse its discretion in denying Pryor relief under Civil Rule 60(d)(3), we AFFIRM.