NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT LEE WILLIAMS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOSEPH A. LANE, Clerk, Court of Appeal Second District, official capacity; et al., <br><br> Defendants-Appellees. | Nos. 15-55980 <br> 16-55104 <br><br> D.C. No. 2:14-cv-05464-JAK-SS <br><br> MEMORANDUM* |

Appeals from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

In these consolidated appeals, Brett Lee Williams, a California state

prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C.

§ 1983 action alleging various constitutional violations.  We have jurisdiction

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes these cases are suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed Williams's action because defendants are entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.").

The district court did not abuse its discretion in denying Williams's motion under Federal Rule of Civil Procedure 60(d)(3) because Williams failed to establish by clear and convincing evidence that any party perpetrated "fraud on the court." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1175, 1180-81 (9th Cir. 2015) (setting forth standard of review and requiring more specific evidence of fraud than plaintiff's "series of allegations and implications"). We reject as unsupported by the record Williams's contentions that pages were intentionally omitted from his filings or that his objections to the Report and Recommendation were not considered.

We reject as without merit Williams's contentions regarding judicial notice.

We do not consider arguments and allegations raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**