NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN FULLER; JERRY HUDSON, | No. 15-35483 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-00208-RSL |
| v. | |
| ELAINE C. DUKE,* Acting Secretary, Department Homeland Security, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted September 26, 2017***

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Adrian Fuller and Jerry Hudson appeal pro se from the district court's

---

\* Elaine Duke has been substituted for her predecessor, Jeh Charles Johnson, as Acting Secretary of Homeland Security under Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

summary judgment in their employment action alleging that defendant fraudulently concealed evidence in their prior Title VII actions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on plaintiffs' Title VII discrimination claims as barred by res judicata because their claims were raised, or could have been raised, in prior federal actions between the parties or their privies that resulted in final judgments on the merits. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 & n.4 (9th Cir. 2000) (elements of res judicata).

The district court properly granted summary judgment on plaintiffs' Title VII retaliation claims because plaintiffs failed to initiate contact with an Equal Employment Opportunity ("EEO") Counselor or any agency official logically connected with the EEO process within 45 days of becoming aware of the facts underlying their retaliation claims. *See* 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory[.]"); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (Title VII claim accrues upon awareness of the actual injury and not when a plaintiff suspects a legal wrong); *see also Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1044-46 (9th Cir. 2009) (explaining that for a retaliation claim, plaintiff can

comply with § 1614.105(a)(1) by initiating contact with "any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process").

The district court did not abuse its discretion in denying plaintiffs' request to set aside the judgments in their prior actions because Fuller and Hudson failed to establish by clear and convincing evidence that any party perpetrated a "fraud on the court." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180-81 (9th Cir. 2015) (to set aside a prior judgment based on fraud under Fed. R. Civ. P. 60(d)(3) or 60(b)(6), a party must demonstrate "an unconscionable plan or scheme which is designed to improperly influence the court in its decision" (citation and internal quotation marks omitted)); *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (standard of review).

The district court did not abuse its discretion in denying plaintiffs' request to amend their complaint because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend a complaint when amendment would be futile).

We do not consider matters not properly raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We do not consider matters not specifically and distinctly raised and argued

15-35483

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motion for oral argument (Docket Entry No. 34) is denied.

**AFFIRMED.**