**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND THOMAS, | No. 19-16040 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-03301-DJH-DMF |
| v. | |
| WILLIAM LOTHROP, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Federal prisoner Raymond Thomas appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition and order

denying his motion for reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291.  Reviewing de novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011), we affirm.

Thomas's § 2241 habeas petition alleged that his detention is illegal because the Parole Commission lacked jurisdiction over him and violated his due process rights by failing to hold a prompt revocation hearing after issuing a parole violation detainer.  Thomas previously raised these arguments in a § 2241 habeas petition filed in the United States District Court for the District of South Carolina that was dismissed on the merits.  Therefore, the district court correctly concluded that the instant § 2241 habeas petition is barred by 28 U.S.C. § 2244(a).  Thomas's § 2241 habeas petition is also barred by the abuse of the writ doctrine.  *See Alaimalo*, 645 F.3d at 1049 (abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition" (internal quotation marks omitted)); *see also Pizzuto v. Ramirez*, 783 F.3d 1171, 1175 (9th Cir. 2015) (appellate court may affirm the district court on any basis supported by the record).  Furthermore, the record does not show cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

Thomas also moves for immediate release in light of the COVID-19 public health crisis.  We deny his motion.

**AFFIRMED.**

19-16040