NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: AMADEUS THERAPY, INC.

Debtor

_____

NAI HORIZON,

Appellant.

v.

AMADEUS THERAPY, INC.,

Appellee.

No. 25-3867

D.C. No.
24-1049

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Julia W. Brand, Gary A. Spraker, and Frederick Philip Corbit, Bankruptcy Judges,
Presiding

Submitted March 4, 2026[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant NAI Horizon ("NAI") appeals from an order of the Ninth Circuit Bankruptcy Appellate Panel, affirming the bankruptcy court's denial of NAI's Rule 60(d)(3) Motion for Relief from Judgment. NAI argues that it established that debtor Amadeus Therapy, Inc. ("Debtor") and its principal Bridget O'Brien committed fraud on the court in the underlying bankruptcy court action. Reviewing for an abuse of discretion, *Pizzuto v. Ramirez*, 783 F.3d 1171, 1175 (9th Cir. 2015), we affirm.

Federal Rule of Civil Procedure 60(b)(3) permits a party to seek relief from a judgment on the basis of fraud, but the motion must be brought "within a reasonable time," and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). However, Rule 60(d) permits the court to set aside a judgment even after this time frame for the reason of "fraud on the court." Fed. R. Civ. P. 60(d)(3).

Fraud on the court must involve egregious conduct and must go beyond nondisclosure of evidence or even perjury by a party or witness. *United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011); *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1134 (9th Cir. 2022). The party asserting fraud on the court must establish the fraud by clear and convincing evidence. *Pizzuto*, 783 F.3d at 1181.

NAI did not satisfy this exacting standard. NAI contends that the recent declaration from Dr. Wooten, obtained more than a year after the trial and entry of judgment, establishes that the original letter Ms. O'Brien produced at trial was false

25-3867

or forged. But it does not quite go that far, and, indeed, in many ways corroborates Ms. O'Brien's trial testimony. The new declaration is, at best, a clarification of the earlier letter, confirming that Ms. O'Brien had requested the letter and that she was receiving naturopathic treatment from Dr. Wooten while receiving cancer treatments from other doctors and clinics, even though he was not the doctor who *diagnosed* her.

The remaining arguments raised by NAI in its opening brief address issues beyond the scope of this appeal. They relate to issues in the underlying merits trial, which was already the subject of an unsuccessful appeal to district court. *NAI Horizon v. Amadeus Therapy, Inc.*, No. CV-23-00371-PHX, 2024 WL 776657, at *3-4 (D. Ariz. Feb. 26, 2024) (affirming the bankruptcy court judgment). NAI chose not to appeal from that district court decision and filed the Rule 60(d)(3) motion instead. The denial of the Rule 60(d)(3) motion is the only ruling before us in this appeal, and is thus the only ruling we address.

**AFFIRMED.**