**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

HA VAN NGUYEN,
        *Petitioner-Appellant*,

v.

BEN CURRY,
        *Respondent-Appellee*.

No. 11-56792

D.C. No.
8:08-cv-00198-JST-FFM

OPINION

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted
June 4, 2013—Pasadena, California

Filed December 4, 2013

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Sidney H. Stein, District Judge.[*]

Opinion by Judge W. Fletcher

---

[*] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition and remanded for consideration in light of the Supreme Court's intervening decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

After his direct appeal concluded and counsel withdrew from the case, petitioner filed a pro se § 2254 petition that included a procedurally defaulted Double Jeopardy claim. The district court stayed and abeyed proceedings to allow petitioner to exhaust this claim in state court, as well as a claim that appellate counsel was ineffective for failing to raise the Double Jeopardy claim. The state court denied the state habeas petition as untimely, and petitioner filed an amended § 2254 petition raising both procedurally defaulted claims. The panel held that *Martinez* applies to ineffective assistance of appellate counsel as well as trial counsel. The panel further held that petitioner's ineffective assistance of appellate counsel claim related back to the original § 2254 petition and was therefore timely. The panel remanded for the district court to consider in the first instance whether the procedural default of either claim may be excused under *Martinez*.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Patricia A. Young (argued), Federal Public Defender's Office, Los Angeles, California, for Petitioner-Appellant.

Matthew Mulford (argued), Office of the California Attorney General, San Diego, California, for Respondent-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Ha Van Nguyen appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied two of his three claims as procedurally defaulted. Nguyen contends that his procedural default should be excused under the standard for "cause" articulated in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The Supreme Court in *Martinez* established an equitable rule under which the failure of an ineffective counsel or pro se petitioner to raise, in a state court initial-review collateral proceeding, a claim of ineffective assistance of counsel ("IAC") at trial can be "cause" to excuse a state-court procedural default. The question before us is whether *Martinez* applies to the failure to raise not only a claim of trial-counsel IAC, but also a claim of appellate-counsel IAC. We conclude that it does. We remand to allow the district court to determine in the first instance whether Nguyen's state-court procedural default should be excused under *Martinez*.

## I. Background

On February 26, 2003, Orange County Sheriff Department deputies found Nguyen asleep behind the wheel of his car, stopped at a green traffic light. After he was awakened, Nguyen identified himself to the deputies using a false name and false identification. Nguyen consented to a search of the car. The officers found two pieces of rock cocaine that Nguyen was hiding in his fist. They also found a social security card bearing the name "Kevin Lu," as well as three driver's licenses bearing different names, including that of Lu.

Nguyen was convicted after a jury trial in California Superior Court of felony cocaine possession, Cal. Health & Safety Code § 11350(a) ("Count One"); felony possession of a forged driver's license with intent to facilitate forgery, Cal. Penal Code § 470b ("Count Two"); and misdemeanor false identification to a peace officer, Cal. Penal Code § 148.9(a) ("Count Three"). The trial court found that Nguyen had previously been convicted of six qualifying felonies and was therefore eligible to be sentenced pursuant to California's three-strikes law. *See* Cal. Penal Code § 667. The court imposed a three-strikes sentence of 25 years to life on the forgery conviction, Count Two. The court struck the prior convictions for the felony cocaine possession conviction, Count One, and imposed a three-year concurrent sentence on that count. The misdemeanor conviction, Count Three, was irrelevant to the three-strikes sentence.

On appeal, Nguyen's counsel argued that the prosecution had presented insufficient evidence at trial to support a conviction on Count Two. The California Court of Appeal agreed. It reduced Nguyen's conviction on Count Two to

misdemeanor display of a fraudulent driver's license, Cal. Veh. Code § 14610(a)(1), and remanded for resentencing. On remand, the trial court reversed its earlier decision to strike Nguyen's prior convictions for purposes of sentencing under Count One. The court then resentenced Nguyen under Count One to a three-strikes sentence of 25 years to life. At the time of his resentencing under Count One, Nguyen had already served the three-year concurrent sentence previously imposed for that count. The trial court suspended Nguyen's sentence for Counts Two and Three, both of which were now misdemeanor convictions. Nguyen's trial counsel objected that the new sentence on Count One was a "violation of the Fifth, Sixth and Fourteenth Amendments . . . in that . . . it increases the original punishment on Count One."

Nguyen appealed again. Nguyen's court-appointed counsel on his second appeal argued that the trial court's decision to reinstate his prior felony convictions for purposes of resentencing under Count One was an abuse of discretion under state law. She also argued that a 25-years-to-life sentence for Count One—felony possession of cocaine—was grossly disproportionate to the crime, constituting cruel and unusual punishment under the Eighth Amendment. She did not make a double jeopardy argument under the Fifth Amendment. The California Court of Appeal affirmed Nguyen's sentence, and the California Supreme Court denied his petition for review.

Nguyen's counsel on his second appeal sent a letter to Nguyen after the California Supreme Court denied his petition. She wrote that her "appointment as [his] attorney ha[d] now come to an end." She informed Nguyen that if he "wish[ed] to go on to federal court [he] must do so on [his]

own." She did not mention the possibility of filing a state habeas petition.

Now without counsel, Nguyen did not file a petition for habeas corpus in state court. Instead, he filed a timely pro se habeas petition in federal court under 28 U.S.C. § 2254. Nguyen asserted two claims: (1) his new sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, and (2) his new sentence on Count One violated his Fifth Amendment right to be free from double jeopardy. The first claim had been exhausted in state court; the second claim had not. The magistrate judge granted a stay and abeyance of his federal habeas proceedings to allow Nguyen to exhaust his double jeopardy claim. The magistrate judge also granted a stay and abeyance for an additional claim that appellate counsel on his second appeal had been ineffective in failing to raise a double jeopardy claim. The magistrate judge characterized both the double jeopardy claim and the additional appellate-counsel IAC claim based on the failure to raise the double jeopardy claim as "potentially meritorious."

Nguyen filed a petition for habeas corpus directly with the California Supreme Court, seeking review of these two unexhausted claims. The California Supreme Court summarily denied the petition, citing *In re Clark*, 855 P.2d 729 (1993). A summary denial citing *Clark* indicates that the California Supreme Court rejects a petition as untimely rather than on the merits. *Walker v. Martin*, 131 S. Ct. 1120, 1126 (2011).

Nguyen then filed an amended federal habeas petition, after the expiration of the statute of limitations, asserting three claims for relief: (1) the non-defaulted cruel and

unusual punishment claim; (2) the procedurally defaulted double jeopardy claim, and (3) the procedurally defaulted appellate-counsel IAC claim based on the failure to raise the double jeopardy claim. Claims (1) and (2) had been contained in the original, timely filed federal habeas petition. Claim (3) had not been contained in the original petition. The magistrate judge recommended denial of Nguyen's petition with prejudice. He concluded that the state court's determination that Nguyen's sentence did not violate the prohibition against cruel and unusual punishment was not contrary to, or an unreasonable application of, clearly established Supreme Court law. He also concluded that Nguyen had not shown cause and prejudice under *Coleman v. Thompson*, 501 U.S. 722 (1991), to excuse either the state-court procedural default of his double jeopardy claim, or of his appellate-counsel IAC claim for failure to raise the double jeopardy claim. The magistrate judge did not address the State's argument that Nguyen's appellate-counsel IAC claim was untimely under the one-year statute of limitations of 28 U.S.C. § 2244(d). The district court adopted the recommendation in full and dismissed the petition with prejudice. Nguyen timely appealed the denial of his procedurally defaulted double jeopardy claim, and of his procedurally defaulted appellate-counsel IAC claim based on the failure to raise the double jeopardy claim.

## II. Discussion

While Nguyen's appeal was pending in this court, the Supreme Court decided *Martinez*. Nguyen argues in light of *Martinez* that the procedural default of his appellate-counsel IAC claim should have been excused. The State argues that *Martinez* does not apply to an underlying appellate-counsel IAC claim. The State also argues that Nguyen's appellate-

counsel IAC claim was time-barred because he filed it after the limitations period of 28 U.S.C. § 2244(d) had expired and it did not relate back to the original, timely petition.

## A. *Martinez* and Appellate-counsel IAC

An application for a federal writ of habeas corpus cannot be granted unless the petitioner has exhausted state court remedies or is excused from doing so.    28 U.S.C. § 2254(b)(1)(A).  A petitioner exhausts a claim by clearly presenting "to the highest court of the state . . . the federal basis and federal nature of the claim, along with relevant facts."  *Cooper v. Neven*, 641 F.3d 322, 326–27 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 558 (2011).  If a petitioner tries to present a claim to the state court but is prevented from doing so by his failure to comply with a state procedural rule, the claim is "technically exhausted" but procedurally defaulted.  *Id.* at 327.

In the ordinary case, a state-court procedural default may be excused only if a habeas petitioner can demonstrate both "cause" for the default and resulting "prejudice" under *Coleman v. Thompson*.

> "[C]ause" under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him: We think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

*Coleman*, 501 U.S. at 753 (internal quotation marks omitted). To show "prejudice" under *Coleman*, the "habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (omission and emphasis in original).

In *Martinez*, the Supreme Court relaxed the *Coleman* cause-and-prejudice standard for excuse from procedural default in a narrow category of cases. Martinez had been convicted in Arizona, which categorically forbade a prisoner to raise a trial-counsel IAC claim on direct appeal. *Martinez*, 132 S. Ct. at 1313. The first time a claim of trial-counsel IAC could be raised was on initial state-court collateral review. *Id.* Martinez's state postconviction counsel failed to raise a claim of trial-counsel IAC in initial-review state-court collateral proceedings. *Id.* This failure resulted in procedural default of the IAC claim. *Id.* at 1314. Our court applied *Coleman*'s cause-and-prejudice standard for excuse from procedural default. *Martinez v. Schriro*, 623 F.3d 731, 735 (9th Cir. 2010). The Supreme Court reversed.

The Court in *Martinez* did not distinguish between trial-counsel and appellate-counsel IAC. In the introduction to its opinion, the Court framed the question as "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim is not properly presented in state court due to an attorney's errors in an initial-review proceeding." *Martinez*, 132 S. Ct. at 1313. The Court's answer was that procedural default of "an ineffective-assistance claim" by postconviction counsel in an initial-review state-court collateral proceeding should be

excused under a more lenient standard than cause and prejudice under *Coleman*. *Id.* at 1318–19.

The centerpiece of the Court's analysis in *Martinez* is the fundamental importance of effective assistance of counsel guaranteed by the Sixth Amendment. In Martinez's case, his Sixth Amendment claim was trial-counsel IAC. The Court wrote:

> The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. . . . Indeed, the right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged. . . . Effective trial counsel preserves claims to be considered on appeal, and in federal habeas proceedings.

*Id.* at 1317–18 (citations omitted).

The Court pointed out that, in Arizona, the first state-court opportunity to raise a claim of trial-counsel IAC was on initial collateral review. The Court declined to hold that a criminal defendant has a constitutional right to effective assistance of postconviction counsel. But it recognized, as a practical matter, that if a constitutional claim of ineffective assistance of counsel could not be raised on direct appeal, the initial collateral review proceeding was the functional "equivalent" of a direct appeal. *Id.* at 1317. The Court therefore established, as an equitable rule, that the procedural default of Martinez's underlying trial-counsel IAC claim by

his ineffective postconviction counsel could be excused under a more lenient standard than the *Coleman* cause-and-prejudice standard. *Id.* at 1318–19.

The Court reaffirmed *Martinez* a year later in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). In *Martinez*, Arizona law had categorically forbidden a criminal defendant from raising a claim of trial-counsel IAC on direct appeal, requiring instead that such a claim be raised in an initial-review collateral proceeding. In *Trevino*, Texas law did not categorically forbid a criminal defendant from raising a claim of trial-counsel IAC on direct appeal. *Trevino*, 133 S. Ct. at 1915. But the Court recognized that it was "highly unlikely" that appellate counsel would have a "meaningful opportunity" to raise such a claim. *Id.* at 1921. The Court held that, in this circumstance, a procedural default of an underlying trial-counsel IAC claim by postconviction counsel could be excused upon a finding of "cause" under the standard articulated in *Martinez*. *Id.*

The Court in *Martinez* established a four-part test for excuse of a procedural default of a trial-counsel IAC claim by an ineffective postconviction counsel. The procedural default may be excused if there is "cause" for the default. "Cause" under *Martinez* has a different meaning than under *Coleman*. "Cause" is established under *Martinez* where

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the

"ineffective-assistance-of-trial-counsel
claim"; and (4) state law requires that an
"ineffective assistance of trial counsel [claim]
. . . be raised in an initial-review collateral
review proceeding."

*Trevino*, 133 S. Ct. at 1918 (alterations in original). As described above, *Trevino* slightly modified the fourth requirement to allow a finding of "cause" where it is "highly unlikely" that an IAC can be raised on direct appeal. *Id.* at 1921.

The question before us is whether the standard for "cause" articulated in *Martinez* and reaffirmed in *Trevino* applies in a case where the underlying IAC is by appellate counsel rather than trial counsel. We conclude that it does.

The Sixth Amendment right to effective counsel applies equally to both trial and appellate counsel. *Compare Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (trial counsel) ("[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him."), *and Powell v. Alabama*, 287 U.S. 45, 69 (1932) (trial counsel) ("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."), *with Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (appellate counsel) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."), *and Douglas v. California*, 372 U.S. 353, 357 (1963) (appellate counsel) ("[W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of

counsel, we think an unconstitutional line has been drawn between rich and poor.").

There is nothing in our jurisprudence to suggest that the Sixth Amendment right to effective counsel is weaker or less important for appellate counsel than for trial counsel. The Court in *Coleman* made clear that the dividing line between cases in which state-court procedural default should, or should not, be forgiven was the line between constitutionally ineffective and merely negligent counsel: "Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails." *Coleman*, 501 U.S. at 754. The Court in *Coleman* did not distinguish between ineffective assistance by trial and appellate counsel. In *Martinez* itself, the Court emphasized the importance of effective appellate counsel. It wrote:

> As *Coleman* recognized, an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

*Martinez*, 132 S. Ct. at 1317.

The Court's central point in *Martinez* is that a "substantial" IAC claim deserves one chance to be heard on

initial review in a state postconviction proceeding. The Court wrote:

> When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. . . . [I]f counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.
>
> The same is not true when counsel errs in other kinds of postconviction proceedings. . . .
>
> . . . [T]he initial-review collateral proceeding . . . is in many ways the equivalent of a prisoner's direct appeal . . . because . . . no other court has addressed the claim.

*Id.* at 1316–17.

What the Court wrote with respect to procedural default of a claim of trial-counsel IAC is equally true of a claim of appellate-counsel IAC. Trial-counsel IAC typically cannot be raised on appeal because of the necessity to develop and rely on evidence that is not in the trial-court record. Appellate-counsel IAC cannot be raised on appeal because the appeal was the proceeding in which the constitutionally ineffective assistance occurred. In either case, the initial-review state-court collateral proceeding is the first place in which an IAC claim can be made. If a procedural default by an ineffective postconviction counsel forfeits an underlying trial-counsel or

an appellate-counsel IAC claim, no court will ever hear that underlying IAC claim.

The procedural default in *Coleman* was the result of ineffective assistance by appellate counsel, who had failed to bring a timely appeal of the trial court's denial of the state habeas petition. *Coleman*, 501 U.S. at 727. The Court in *Martinez* made clear that the cause-and-prejudice rule was appropriate in *Coleman* because the petitioner had been able to present his claims in an initial-review state-court postconviction proceeding. The Court in *Martinez* distinguished *Coleman*, but not on the ground that the underlying claim was appellate-counsel IAC. Rather, the Court emphasized that *Coleman*

> did not present the occasion to apply [its holding] to determine whether attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. *The alleged failure of counsel in* Coleman *was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court.*

*Martinez*, 132 S. Ct. at 1316 (emphasis added).

The Court in *Martinez* was careful to restrict its holding to ineffective assistance in the initial-review collateral proceeding in state court. The Court wrote:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney

> errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted). This passage specifies that the *Martinez* standard for cause applies only in the "limited circumstances recognized here." We read the passage to limit application of the *Martinez* "cause" standard to procedural default by postconviction counsel at the initial-review collateral proceeding, by specifying that the *Martinez* standard does not apply to other kinds of defaults by postconviction counsel. We do not read the passage to limit application of the *Martinez* standard to only one kind of Sixth Amendment ineffective assistance violation.

Our reading is consistent with the question the Court asked at the beginning of its opinion in *Martinez*: "whether a federal habeas court may excuse a procedural default of an ineffective assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. That question was not limited to a claim of ineffective assistance by trial counsel. It encompassed, without qualification, "an ineffective assistance claim." We therefore conclude that the *Martinez* standard for "cause" applies to all Sixth Amendment ineffective-assistance claims, both trial and

appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding.

We recognize that several of our sister circuits have held otherwise. In 2012, before the Court decided *Trevino*, the Eighth and Tenth Circuits understood *Martinez* to be limited to the circumstance where state law categorically forbade raising claims of trial-counsel IAC on direct appeal. *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012); *Dansby v. Norris*, 682 F.3d 711, 728–29 (8th Cir. 2012), *vacated sub nom. Dansby v. Hobbs*, 133 S. Ct. 2767 (2013). In rejecting that understanding of *Martinez*, the Court in *Trevino* made clear that the "limited-circumstances" language in *Martinez* did not limit its holding to the circumstance where a state law categorically forbids claims of trial-counsel IAC on direct appeal. *Trevino*, 133 S. Ct. at 1921. The Court held that the "cause" standard articulated in *Martinez* also applied in the circumstance where a prisoner was merely "highly unlikely" as a practical matter to have a "meaningful opportunity" to raise a claim of trial-counsel IAC on direct appeal. *Id.*

The Eighth and Tenth Circuits also understood *Martinez* to be limited to claims of trial-counsel IAC. *Banks*, 692 F.3d at 1148; *Dansby*, 682 F.3d at 729; *see also Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). We believe those courts are wrong in reading into *Martinez* the limitation to trial-counsel IAC, for the same reason they were wrong in reading into *Martinez* the limitation to state statutes categorically forbidding IAC claims on direct appeal. The fundamental principle of *Martinez* is that a criminal defendant deserves a chance to assert a Sixth Amendment claim of ineffective assistance of counsel. Because an ineffective assistance

claim cannot as a practical matter be made on direct appeal, the Court formulated an equitable rule that allows excuse of procedural default by ineffective counsel at the initial-review collateral proceeding. The *Martinez* rule is limited to an underlying Sixth Amendment ineffective assistance claim, and to a procedural default by ineffective counsel in an initial-review collateral proceeding. But, as the Court held in *Trevino*, it is not limited to cases in which a state statute categorically prohibits raising a Sixth Amendment IAC claim on direct review. Similarly, as we hold here, it is not limited to Sixth Amendment claims of trial-counsel IAC. It also extends to Sixth Amendment claims of appellate-counsel IAC.

## B. Statute of Limitations and Relation Back

Nguyen was required to file his habeas petition on or before May 27, 2008. He filed his original petition in February 2008, well within the limitations period. He alleged two claims in his original petition: an exhausted Eighth Amendment cruel and unusual punishment claim, and an unexhausted Fifth Amendment double jeopardy claim. Nguyen then filed an amended petition after the expiration of the statute of limitations in which he realleged his Eighth Amendment claim and his now-exhausted double jeopardy claim and alleged, for the first time, his appellate-counsel IAC claim.

The State contended in the district court, and contends before us, that Nguyen's appellate-counsel IAC claim is untimely. The district court did not reach that question. But the question has been briefed and presented to us, and we see no reason not to decide it now.

A claim added to a timely filed habeas petition after the expiration of the statute of limitations is timely only if the new claim relates back to a properly filed claim contained in the original petition. To be properly filed, a claim must have been exhausted at the time of filing. *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009). Nguyen's double jeopardy claim was not exhausted when he included it in his original habeas petition. His appellate-counsel IAC claim was not included in the original habeas petition at all. Therefore, neither of these claims was timely filed unless it relates back.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Court held that a late-filed claim in an amended federal habeas petition relates back under Rule 15(c) if the timely claim and the late-filed claim "are tied to a common core of operative facts." *Id.* at 664. The State made no timeliness objection, either in the district court or here, to Nguyen's double jeopardy claim in his amended petition. It wrote in its brief to us that it declined to object because the double jeopardy claim "shared a common core of operative facts" with Nguyen's timely filed cruel and unusual punishment claim. The double jeopardy claim therefore related back to the date of filing Nguyen's original habeas petition. However, the State contends that Nguyen's appellate-counsel IAC claim for failure to raise a double jeopardy claim does not relate back and is therefore untimely. The State argues that Nguyen's appellate-counsel IAC claim does not relate back because it concerned events that occurred after the resentencing hearing. The question before us is thus whether the fact that the IAC claim arose later in time means that it may not relate back.

The Court wrote in *Mayle*, "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief

supported by facts that differ in both time and type from those the original pleading sets forth." *Id.* at 650. It is true, as the State points out, that Nguyen's claims "differ in . . . time." His cruel and unusual punishment and double jeopardy claims arose at resentencing, when he was sentenced to twenty-five-years-to-life on Count One after he had already served all of the three-year sentence originally imposed under that count. His appellate-counsel IAC claim for failure to raise the double jeopardy claim arose later, when his counsel failed to raise that claim on appeal. It is also true that Nguyen's claims "differ in . . . type." One is an Eighth Amendment cruel and unusual punishment claim, one is a Fifth Amendment double jeopardy claim, and one is a Sixth Amendment IAC claim.

But the "time and type" language in *Mayle* refers not to the claims, or grounds for relief. Rather, it refers to *the facts that support those grounds*. All of Nguyen's asserted grounds for relief—cruel and unusual punishment, double jeopardy, and appellate-counsel IAC for failing to raise double jeopardy—are supported by a common core of facts. Those facts are simple, straightforward, and uncontroverted. And they were clearly alleged in the original pleading. They are, first, that Nguyen fully served the sentence originally imposed for Count One; and, second, that the court thereafter resentenced Nguyen to imprisonment for twenty-five-years-to-life on the same count. *Compare Hebner v. McGrath*, 543 F.3d 1133, 1139 (9th Cir. 2008) (finding no relation back where the two claims were a challenge to the admission of testimony and a challenge to a jury instruction).

We therefore conclude that Nguyen's appellate-counsel IAC claim relates back under Rule 15(c).

Conclusion

Because the district court decided this case before the Supreme Court decided *Martinez*, it has not had the opportunity to apply the *Martinez* standard for "cause" to determine whether Nguyen's procedural default may be excused. We therefore remand to give the district court the opportunity to apply in the first instance *Martinez*'s standard for "cause" to Nguyen's procedural default. If the district court concludes that Nguyen's procedural default of his appellate counsel's IAC may be excused, and if the district court also concludes that Nguyen's second appellate counsel provided constitutionally ineffective assistance in failing to raise his double jeopardy claim on direct appeal, the procedural default of Nguyen's second appellate counsel may also be excused. *See Coleman*, 501 U.S. at 754.

**REVERSED and REMANDED**.