KEITH, Circuit Judge,
concurring.
I concur in judgment; however, I write separately because I disagree with Judge Boggs’s analysis in some respects.
A. Procedural Default of the Ineffective-Assistance-of-Appellate-Counsel Claim
First, while I agree that Coleman’s general rule applies to McClain’s case, and that Martinez does not apply, I disagree with the manner in which Judge Boggs arrived at these conclusions. My reasoning is as follows; In Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court set forth the general rule that “a petitioner cannot claim constitutionally ineffective assistance of counsel” in proceedings in which “[t]here is no constitutional right to an attorney,” such as “state post-conviction proceedings.” In Martinez v. Ryan, — U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) the Supreme Court articulated the following narrow exception to Coleman’s general rule; in states where prisoners are forced to wait until their initial-review collateral proceeding to bring a claim of ineffective assistance of trial counsel, “[i]nadequate assistance of [post-conviction] counsel” in those post-conviction proceedings “may establish cause for a prisoner’s procedural default of a claim of ineffective assistance” of trial counsel. Id. at 1315 (emphasis added). In so holding, the Martinez court reasoned that “[t]he right to the effective assistance of counsel at trial is a bedrock principle in our justice system.” Id. at 1317 (emphasis added).
McClain cannot invoke the Martinez exception in this case to save his procedurally defaulted claims because' the holding of Martinez does not apply to defaulted ineffective assistance of appellate counsel claims. See Hodges v. Colson, 727 F.3d 517, 531-32 (6th Cir.2013) (reasoning that Martinez’s narrow exception only applied to cause to excuse procedural default of an ineffective assistance of trial counsel claim, and noting that Martinez’s holding was “unambiguous”).[1] Further, despite *443 McClain’s arguments to the contrary, I agree with Judge Boggs that our case of Gunner v. Welch, 749 F.3d 511 (6th Cir.2014), does not dictate a different result. 749 F.3d at 515, 519-20 (dealing specifically with the preservation of an ineffective assistance of trial counsel claim).
Second, I agree that the holdings of Carter v. Mitchell, 693 F.3d 555, 564 (6th Cir.2012), Tolliver v. Sheets, 594 F.3d 900, 905 (6th Cir.2010), and Wilson v. Hurley, 382 Fed.Appx. 471, 474 (6th Cir.2010), remain good law. However, I disagree with my colleague’s reliance on these cases for the proposition that because a petitioner “has no constitutional right to counsel” at post-conviction proceedings, the petitioner “certainly ha[s] no constitutional right to effective counsel” at those proceedings, and therefore the petitioner cannot establish cause to excuse a procedural default. See Tolliver, 594 F.3d at 929; see also Carter, 693 F.3d at 565; Wilson, 382 Fed.Appx. at 478-79. This proposition is a mere application of Coleman’s general rule, which has now been modified by Martinez, 132 S.Ct. at 1315. Therefore, I believe it is precarious to rely on this particular language from Carter, Wilson, and Tolliver because it does not reflect the Martinez caveat. See Banks v. Workman, 692 F.3d 1133, 1147 (10th Cir.2012) (noting that Martinez placed a caveat on Coleman’s “previously unwavering rule”).
I also find it important to make clear that while McClain raised numerous claims in his application to reopen under Rule 26(B), McClain conceded that “whether procedural default of any other claim” raised in his petition can be excused depends on the threshold question of “whether the claim for ineffective assistance of appellate counsel was procedurally defaulted and whether there was cause and prejudice to excuse such default.” See Corrected Appellant Br. at 14; see also State v. Spivey, 84 Ohio St.3d 24, 701 N.E.2d 696, 697 (1998). For this reason, I believe my colleague’s decision not to address these remaining claims was proper.
B. Ineffective Assistance of Trial Counsel Claim
Lastly, with respect to the district court’s dismissal of petitioner’s claims of ineffective assistance of trial counsel, I agree with Judge Boggs that this claim was not fairly presented to the state court; therefore, this claim is waived for the purposes of habeas review.

. See also Reed v. Stephens, 739 F.3d 753, 778 n. 16 (5th Cir.2014) cert. denied, —- U.S. -, 135 S.Ct. 435, 190 L.Ed.2d 327 (2014) (noting that "[t]o the extent Reed suggests that his ineffective-assistance-of-appellate-counsel claims also should be considered under Martinez, we decline to do so.”); Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir.2012) (holding that Martinez “applies only to a prisoner’s procedural default of a claim of ineffective assistance at trial," and "not to claims of deficient performance by appellate counsel.”) (internal quotation marks omitted). But see Ha Van Nguyen v. Curry, 736 F.3d *443 1287, 1296 (9th Cir.2013) (holding that Martinez extends to Sixth Amendment ineffective-assistance-of-appellate-counsel claims).