# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY SHEPARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68699

**FILED**

APR 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Gary Shepard's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Shepard filed his petition April 24, 2015, more than 12 years after remittitur issued from his direct appeal on October 8, 2002. *Shepard v. State*, Docket No. 38308 (Order of Affirmance, September 10, 2002). Thus, the petition was untimely. *See* NRS 34.726. The petition was also successive because Shepard had previously sought postconviction relief[1] and constituted an abuse of the writ to the extent it raised a new claim. *See* NRS 34.810. Thus, Shepard's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Shepard argues that the district court erred by applying the procedural bars for two reasons. First, he asserts that he is actually innocent of first-degree murder. *See Lisle v. State*, 131 Nev., Adv. Op. 39, 351 P.3d 725, 729-30 (2015) (recognizing that a district court may reach

---

[1] *Shepard v. State*, Docket No. 45481 (Order of Affirmance, Nov. 8, 2006).

16-11709

the merits of a procedurally defaulted claim if a petitioner demonstrates actual innocence). We disagree because Shepard failed to allege sufficient facts to constitute actual innocence. *See Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) ("Actual innocence means factual innocence, not mere legal insufficiency." (internal quotation marks and alterations omitted)); *see also Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1016 (11th Cir. 2012) (explaining that the actual innocence exception contemplates the "extremely rare" cases where the State convicted an innocent man, not "run of the mill" cases where the petitioner argues that he is guilty of a lesser offense than that for which he was convicted).[2] Second, Shepard asserts that *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013), constitute good cause to excuse the procedural bars. We disagree because these holdings do not apply to Nevada's postconviction procedures. *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Douglas

_____, J.
Gibbons

---

[2]Although the district court's order does not address Shepard's actual-innocence argument, we conclude that no relief is warranted because the claim clearly lacks merit.

[3]We also conclude that the district court did not abuse its discretion by denying Shepard's motion to appoint counsel. *See* NRS 34.750.

CHERRY, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 875 (2014) (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-counsel claim that was omitted due to the ineffective assistance of postconviction counsel.

_____, J.
Cherry

cc:   Hon. Scott N. Freeman, District Judge
Gary Shepard
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk