**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAAR JEROME WILLIAMS, | No.  14-16723 |
| Petitioner-Appellant, | D.C. No. 2:05-cv-00879-PMP-CWH |
| v. | |
| JACKIE CRAWFORD; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and TUNHEIM,** Chief District
Judge.

Petitioner Jamaar Jerome Williams appeals from the district court's order

dismissing with prejudice several grounds for relief included in his second

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

amended federal habeas petition.[1]  The claims at issue concern ineffective

assistance of trial and appellate counsel.  Because the district court applied the

wrong standard in determining that Williams procedurally defaulted these claims,

we vacate and remand for further proceedings.

1.  *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), governs whether we may

excuse Williams's procedural default and reach the merits of his claims.  Under

*Martinez*, a procedural default may be excused when the following four conditions

are met:

> (1) the underlying ineffective assistance of . . . counsel claim is
> "substantial"; (2) the petitioner was not represented or had ineffective
> counsel during the [post-conviction relief (PCR)] proceeding; (3) the
> state PCR proceeding was the initial review proceeding; and (4) state
> law required (or forced as a practical matter) the petitioner to bring the
> claim in the initial review collateral proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (citing *Trevino v.*

*Thaler*, 133 S. Ct. 1911, 1918 (2013)); *see also Nguyen v. Curry*, 736 F.3d 1287,

---

[1]At issue in this appeal are the claims Williams raised for the first time in his second amended petition, Grounds for Relief Two and Three(a), (b), and (c). These grounds encompass all but one of Williams's claims of ineffective assistance of trial and appellate counsel.  The remaining claim (Three(d)), that Williams's appellate counsel was ineffective for failing to communicate with Williams or provide him with his file, was adjudicated on the merits by the district court, along with his claim that insufficient evidence supported his conviction.  We do not address the claims adjudicated on the merits here.

1293–96 (9th Cir. 2013) (extending *Martinez* to cases in which the underlying ineffective assistance of counsel claim concerns appellate counsel).

The last three prongs of *Martinez* are clearly satisfied in this case. Williams was unrepresented during his first state habeas proceeding.[2] He therefore meets the second requirement. Williams also satisfies the third and fourth prongs, as state habeas proceedings are the "initial review proceedings" for claims of ineffective assistance of trial and appellate counsel in Nevada, and Williams effectively was required to bring his claims in those proceedings. *See Rippo v. State*, 122 Nev. 1086, 1095 (2006) ("Claims of ineffective assistance of trial or appellate counsel are properly raised for the first time in a timely first post-conviction petition." (citing *Pellegrini v. State*, 117 Nev. 860, 882 (2001))).

2. Rather than decide in the first instance whether any of Williams's claims of ineffective assistance of trial and appellate counsel are "substantial" under *Martinez*, and thus whether his procedural default should be excused, we remand Williams's case to the district court.

Remand is appropriate because Williams did not have the opportunity in the district court fully to brief and develop a record supporting his claims under *Martinez*. He alerted the district court that the Supreme Court had decided

---

[2]Williams requested that counsel be appointed, but the court did not grant his request.

3

*Martinez* while his case was pending and offered to provide additional briefing. The State's response to Williams's notice of supplemental authority and Williams's subsequent reply further advised the district court that *Martinez* was relevant to the issue raised in this case. Yet the district court did not request supplemental briefing, hold an evidentiary hearing, or apply *Martinez* in determining that Williams had procedurally defaulted Grounds Two and Three(a), (b), and (c). We remand so that the district court can evaluate whether further factual development is needed and determine whether Williams's claims are substantial under the appropriate standard. *See Woods v. Sinclair*, 764 F.3d 1109, 1137–38 (9th Cir. 2014), *cert. denied sub nom. Holbrook v. Woods*, 135 S. Ct. 2311 (2015).

Further counseling in favor of remand is intervening authority, which has clarified the scope of *Martinez* as it applies here. *See Dickens*, 740 F.3d at 1321 (addressing the availability of an evidentiary hearing to show that a claim is "substantial" under *Martinez*); *Nguyen*, 736 F.3d at 1289.

We therefore **VACATE** the district court's order dismissing Williams's claims as procedurally defaulted and **REMAND** for further proceedings.