**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROLAND SPEIGHT,

              Petitioner-Appellee,

v.

BERNARD WARNER,

              Respondent-Appellant.

No.   16-35137

D.C. No. 2:15-cv-00605-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 8, 2017[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Respondent-Appellant Bernard Warner (the State of Washington) appeals

the district court's order granting Petitioner-Appellee Roland Speight's 28 U.S.C.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we reverse.

In federal district court, Speight asserted he received ineffective assistance of counsel on direct appeal because his appellate counsel failed to raise the argument that the trial court violated his Sixth Amendment right to a public trial. Because this claim was not raised in his personal restraint petition, it was procedurally defaulted. Speight argued that under *Martinez v. Ryan*, 566 U.S. 1 (2012), and this court's decision in *Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), ineffective assistance of his state postconviction counsel constituted cause for the procedural default of his ineffective-assistance-of-appellate-counsel claim. The district court agreed, granted Speight's habeas petition, and stayed the writ pending the State's appeal to this court.

During the pendency of this appeal, the Supreme Court held that ineffective assistance of postconviction counsel cannot provide cause to excuse the procedural default of an ineffective-assistance-of-appellate-counsel claim. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). As Speight acknowledged in supplemental briefing, *Davila* squarely foreclosed the argument on which the district court relied to grant his habeas petition. To excuse his procedural default absent application of the *Martinez* exception, Speight was required to show cause and prejudice under

2

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Because he has not done so, we must REVERSE the district court order granting Speight's habeas petition.

**REVERSED**.