NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANUL MALIK RAM, | No. 17-16285 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02074-WBS-DB |
| v. | |
| COUNTY OF SACRAMENTO, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted September 13, 2018
San Francisco, California

Before: TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

Anul Ram appeals from the district court's order dismissing her petition for

a writ of habeas corpus as untimely. She argues that her amended petition was not

time-barred because it relates back to the date of her original petition. *See* Fed. R.

Civ. P. 15(c)(1)(B). We affirm.

In order for Ram's amended petition to relate back to the date of the original,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

there must be "a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotation marks omitted). We do not look to the legal theory underlying a claim, but to the facts on which it is based. *Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

In her original pro se petition, Ram raised claims that her pleas of guilty and not guilty by reason of insanity were not knowing and voluntary because she was incompetent to plead when she made them and because her trial counsel provided ineffective assistance by failing to have her competency evaluated. In her amended petition, she asserts that her not guilty by reason of insanity plea was not knowing and voluntary because it was made without a factual basis—that it was, unknown to her, a fiction invented by her trial counsel to have her committed for mental health treatment. For the same reason, she argues that her trial lawyer was ineffective.

The facts underlying Ram's original claims have to do with her ability to understand the trial process and the rights she was giving up when she entered her pleas. Her new claims, on the other hand, require inquiry into whether the acts she admitted committing constitute the crime of attempted murder. The relevant facts for the two sets of claims are entirely distinct. While her new claims, like her old ones, implicate what she knew and understood at the time of her pleas, her new

claims ultimately depend on the adequacy of the evidence supporting her plea to attempted murder. The claims therefore do not share a common core of operative facts, and the amended petition does not relate back to the date of the original.

**AFFIRMED.**