**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL B. WADSWORTH,

 Petitioner-Appellant,

v.

BRIAN WILLIAMS, Warden and
ATTORNEY GENERAL FOR THE
STATE OF NEVADA,

 Respondents-Appellees.

No.   17-15822

D.C. No.
2:13-cv-00401-GMN-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

 Michael Wadsworth appeals the district court's denial of his second

amended habeas petition under 28 U.S.C. § 2254, as amended by the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), and his motion for leave to file

---

 [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

a third amended petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** The State argues that, prior to addressing the substance of this case, we should review the Certificate of Appealability (COA) issued by a prior panel of this court. A COA may be issued by a court "only if the applicant has made a substantial showing of the denial of a constitutional right," and the issuing court "shall indicate which specific issue or issues satisfy" that showing. 28 U.S.C. § 2253(c)(2), (3). When the government timely asserts that the issuing court failed to satisfy this requirement, "the court of appeals panel must address the defect . . . ." *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012). Here, the prior panel (issuing the COA) addressed the alleged defect when it denied the State's motion to reconsider the COA. We are in no better position than our colleagues to address the alleged defect; and we decline to further do so.

**2.** Wadsworth contends that the district court improperly denied his motion for leave to file a third amended petition. However, the amended grounds for relief are time-barred and do not relate back to the filing of the original petition, as they do not share "a common core of operative facts" with the grounds set forth in the

2

original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).[1] Wadsworth's new claims are premised on the existence of a faulty self-defense instruction, but none of the original claims depended on or concerned a faulty self-defense jury instruction. Wadsworth's insufficiency of the evidence claim and his claim that his counsel ineffectively failed to adequately pursue a theory of self-defense both focused on the fact that counsel merely proposed a self-defense jury instruction without providing any argument in support of a theory of self-defense, but not on the *content* of the self-defense jury instruction. Neither the original nor the timely amended petitions alleged that the self-defense jury instruction was faulty. *See Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

Furthermore, even if the third amended petition was timely filed, the district court would have been obligated to dismiss it, as the new claims were unexhausted at the time of filing. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).[2]

---

[1]Wadsworth does not challenge the district court's finding that his motion for leave to amend was filed after the applicable statute of limitations had expired.

[2]Our decision in *Dixon v. Williams*, 750 F.3d 1027 (9th Cir. 2014) is irrelevant in this case. That another defendant in a different case ultimately prevailed on an argument that Wadsworth *could have* asserted does not excuse Wadsworth's failure to timely assert that argument.

**3.** Wadsworth argues that the trial court's failure to admit his police statement and videotaped discussion with his aunt and grandmother violated his due process rights by limiting his ability to present his theory of defense and forcing him to testify at trial.

Wadsworth testified at trial that his counsel "informed [him] that [he did] not have to testify," but that he had nevertheless "chosen to do it." Accordingly, it was not unreasonable for the Nevada Supreme Court to determine that he was not forced to testify, but rather chose to exercise his right "to decide strategically whether to testify and thus reveal[] damaging information." *Comer v. Schriro*, 480 F.3d 960, 987 (9th Cir. 2007) (citing *Rock v. Arkansas*, 483 U.S. 44, 53 (1987)). Wadsworth also failed to provide any evidence regarding how he was prejudiced by his testimony.

Additionally, Wadsworth has not challenged the Nevada Supreme Court's finding that he never sought admission of the videotape. Nor has he challenged the Court's finding that he had not identified any non-duplicative beneficial information that would have been elicited if the police statement or videotape had been admitted. Consequently, even assuming the trial court's failure to admit the evidence was error, it was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

4

**4.** Wadsworth argues that the trial court violated his due process rights by failing to accept defense counsel's proposed jury instruction regarding how the jury should interpret conflicting evidence. When reviewing a jury instruction with substantially similar language to Wadsworth's proposed instruction, the Nevada Supreme Court "ruled that it is not error to refuse to give the [requested] instruction if the jury is properly instructed regarding reasonable doubt." *Deveroux v. State*, 610 P.2d 722, 724 (Nev. 1980). That ruling is not contrary to any decision from the United States Supreme Court. Accordingly, because there is no dispute that the trial court properly instructed the jury as to reasonable doubt, the trial court did not commit error in refusing to give Wadsworth's proposed instruction. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011).

**5.** Wadsworth argues that he was denied his constitutional right to effective assistance of counsel at trial. To succeed on his ineffective assistance of counsel claims, Wadsworth must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He has failed to make such a demonstration for any of his claims.

Wadsworth first alleges that his counsel was ineffective in deciding to pursue only a second shooter theory of defense. The Nevada Supreme Court

determined that there was substantial evidence supporting the state district court's finding that defense counsel was not deficient in pursuing only a second shooter theory of defense. We agree. There is ample evidence supporting the second shooter theory, including Wadsworth's testimony that he heard shots fired before he shot at the ground, a witness's account to the police that there was another man with a gun at the scene of the shooting, the differing testimony of multiple witnesses regarding how many shots were fired, and the State's ballistics expert's testimony that he could not confirm that the bullet that fatally wounded the victim came from Wadsworth's gun. Moreover, Wadsworth's testimony, that he fired his weapon "at the ground" to "settle the crowd" and not out of a sense of imminent danger, significantly reduced the likelihood of success on a theory of self-defense. The Nevada Supreme Court's decision was accordingly not based on an unreasonable determination of facts, nor does it represent an unreasonable application of *Strickland*.

Second, Wadsworth argues that trial counsel ineffectively presented the second shooter theory of defense—and thereby required Wadsworth to testify at trial with inadequate preparation. However, Wadsworth has not provided any evidence indicating how his testimony would have been different with better preparation. Consequently, Wadsworth has failed to demonstrate prejudice.

Finally, Wadsworth contends that his trial counsel ineffectively failed to investigate the case and understand the ballistics evidence prior to trial and to hire a ballistics expert. Again, however, Wadsworth has not alleged what evidence additional expert testimony would have provided or how counsel's presentation would have differed if he had "understood" the State's ballistic report. Wadsworth accordingly failed to demonstrate prejudice for this claim as well. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

**AFFIRMED.**