**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICHARD DEAN HURLES,
            *Petitioner-Appellant*,

v.

CHARLES L. RYAN, Warden;
GEORGE HERMAN, Warden,
Arizona State Prison - Eyman
Complex,
            *Respondents-Appellees.*

No. 16-99007

D.C. No.
2:00-cv-00118-DLR

OPINION

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted December 10, 2018
San Francisco, California

Filed February 1, 2019

Before:  Sidney R. Thomas, Chief Judge, and Richard A.
Paez and N. Randy Smith, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the district court's judgment, on remand for an evidentiary hearing, dismissing a habeas corpus petition.

The panel could not say that the district court committed clear error in its determinations, after conducting an evidentiary hearing on remand, that there was no actual judicial bias.

The panel held that the petitioner's claim of ineffective assistance of appellate counsel is not viable in light of *Davila v. Davis*, 137 S. Ct. 2058 (2017), which held that the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012) – that a successful claim of post-conviction ineffective assistance of counsel can excuse a procedurally defaulted claim of ineffective assistance of trial counsel – does not extend to procedurally defaulted claims of ineffective assistance of appellate counsel. The panel wrote that because *Davila* is clearly irreconcilable with this court's prior precedent, *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), *Nguyen* does not control the panel's decision, and a prior panel's pre-*Davila* decision applying *Nguyen* to this case does not bind this panel.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Emily Katherine Skinner (argued) and Natman Schaye, Associate Counsel, Arizona Capital Representation Project, Tucson, Arizona; Denise Young, Tucson, Arizona; for Petitioner-Appellant.

Julie Ann Done (argued), Assistant Attorney General, Capital Litigation Section; Lacey Stover Gard, Chief Counsel; Mark Brnovich, Attorney General; Office of the Attorney General, Phoenix, Arizona; for Respondents-Appellees.

## OPINION

PER CURIAM:

This appeal returns to us after a prior panel remanded the case to the district court for an evidentiary hearing. *Hurles v. Ryan*, 752 F.3d 768 (9th Cir. 2014). After considering the record, briefs, and arguments, we affirm. The factual record in the case was thoroughly discussed in our prior opinion, so we need not recount it here.

Because Hurles filed his federal habeas petition in 2000, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs. *Hurles*, 752 F.3d at 777. AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Relief should not be granted unless the state court proceedings either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Clearly established law is limited to the Supreme Court's holdings at the time of the state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). We review de novo the district court's dismissal of the petition and its findings of fact for clear error. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007).

1. The prior panel remanded the issue of judicial bias for an evidentiary hearing on risk of actual bias. The district court conducted a thorough hearing on that issue and made factual findings that no bias occurred. After reviewing the record, the briefs, and considering the arguments of counsel, we cannot say that the district court committed clear error in its factual determinations.[1]

2. As to the question of ineffective assistance of appellate counsel, the prior panel excused the procedural default because it held that post-conviction relief counsel was ineffective in failing to raise the ineffective assistance of appellate counsel claim. *Hurles*, 752 F.3d at 781–83. In so holding, the panel applied *Ngyuen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). *Ngyuen* is an extension of *Martinez v. Ryan*, 566 U.S. 1 (2012), where the Supreme Court held that a successful claim of post conviction ineffective assistance of counsel can excuse a procedurally defaulted claim of

---

[1] Pursuant to the jurisprudential doctrine of law of the case, we decline to reconsider matters pertaining to this issue which were decided in the prior appeal. *Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir. 1997) (en banc). The only question presented in this appeal is whether the district court's factual findings on remand were clearly erroneous.

ineffective assistance of trial counsel. In *Nguyen*, we held that the same reasoning applied to defaulted claims of ineffective assistance of appellate counsel. *Ngyuen*, 736 F.3d at 1289.

Subsequently, however, the Supreme Court decided *Davila v. Davis*, 137 S. Ct. 2058 (2017), in which it held that *Martinez* does not extend to procedurally defaulted claims of ineffective assistance of appellate counsel. *Id.* at 2065–66. Where intervening Supreme Court authority is "clearly irreconcilable" with prior circuit authority, the intervening authority binds the panel. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). Intervening authority is clearly irreconcilable if it "undercut[s] the theory or reasoning underlying the prior circuit precedent." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller*, 335 F.3d at 900). Because *Davila* is clearly irreconcilable with our prior circuit precedent, *Ngyuen* does not control our decision. Further, because *Davila* is intervening authority, the prudential law of the case doctrine does not bind this panel.[2] Under *Davila*, the petitioner's claim is not viable.[3]

---

[2] *See Jeffries*, 114 F.3d at 1488–89 (noting that intervening controlling authority is one of the three exceptions to the law of the case doctrine).

[3] We are bound by our precedent emphasizing that "only the Supreme Court could expand the application of *Martinez* to other areas," and "further substantive expansion" of *Martinez* is "not . . . forthcoming." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1176–77 (9th Cir. 2015) (refusing to apply *Martinez* to procedurally defaulted claims of judicial bias); *see also Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (rejecting the argument that *Martinez* permitted resuscitation of a procedurally defaulted *Brady* claim). Even if *Davila* were construed to allow an exception to the general rule under *Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991),

Given our resolution of the case, we need not, and do not, reach any other issues presented by the parties.

**AFFIRMED.**

---

such an exception would not apply here. Trial counsel requested funding for a Computer Assisted Topographic Mapping scan, which was then denied by the state court on procedural grounds. Hurles suggests that orders denied on procedural grounds should be considered as unpreserved trial errors within the meaning of the potential exception identified in *Davila*, but *Davila* does not draw that distinction and there is no other support for that proposition in Supreme Court jurisprudence. Hurles's interpretation would considerably broaden the "limited circumstances" meriting *Martinez*'s "highly circumscribed, equitable exception." *Id.* at 2066 (citing *Martinez*, 132 S. Ct. at 1320).